No. 86–490.  COMMISSIONER OF INTERNAL REVENUE v. ILLINOIS CEREAL MILLS, INC.  C. A. 7th Cir.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN joins, dissenting.

This case presents the question whether any portion of the cost of a factory's electrical system qualifies for the investment tax credit under § 38 of the Internal Revenue Code, 26 U. S. C. § 38, and if so, what portion.  The Code defines "section 38 property" to include "tangible personal property" and "other tangible property," such as industrial machinery, but to exclude "a building and its structural components."  26 U. S. C. §§ 48(a)(1)(A), (B).  In this case, the Court of Appeals for the Seventh Circuit held that the cost of installation of a factory's electrical distribution system

must be allocated between "section 38 property" and "non-section 38 property" according to a ratio by which electrical usage is divided between the operation of machinery, on the one hand, and ordinary building maintenance, like lighting and climate control, on the other. 789 F. 2d 1234 (1986). As applied to the facts before it, this interpretation resulted in qualification for the investment tax credit of 95% of the cost of the factory's electrical system. The Court of Appeals adopted this theory of allocation from the Tax Court's decision in *Scott Paper Co.* v. *Commissioner*, 74 T. C. 137, 182–187 (1980). The Fourth Circuit in *A. C. Monk & Co.* v. *United States*, 686 F. 2d 1058, 1065–1066 (1982), rejected the allocation method adopted by the Tax Court in *Scott Paper* and held that an electrical system can qualify for the credit only if it is so "inextricably linked to the present, specific machinery" that it cannot "be reasonably adapted in the present building to more general uses." If a manufacturer converting the building to another use would be able, with reasonable alterations, to use the existing system, the system is a structural component; if the existing system essentially would have to be scrapped, it qualifies for the investment tax credit. The issue involves many other taxpayers, and I would grant certiorari to resolve this conflict.